UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 05-109-HRW

JIMMIE L. ESTEP,                                       PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on July 20, 1999, alleging disability beginning on June 22, 1999, due to arthritis in knees, back pain, weakness and tingling in arm and shortness of breath (Tr. 93). This application was denied initially and on reconsideration. Following a hearing, an unfavorable decision was issued on June 29, 2000. The denial was affirmed by

the Appeals Counsel but remanded by the United States District Court for the Eastern District of Kentucky for further development of the medical record.

In the interim, Plaintiff filed a subsequent application. The records from that application were consolidated and the entire record was before Administrative Law Judge James Kemper (hereinafter "ALJ") for review. On August 24, 2004, the ALJ convened a hearing wherein Plaintiff, accompanied by counsel, testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 26, 2005, the ALJ issued his decision finding that Plaintiff was not disabled before June 30, 2000 (Tr. 266-278).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 277).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative arthritis of the back and knees, which he found to be "severe" within the meaning of the Regulations (Tr. 277).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 277). In doing so, the ALJ specifically considered the listings in Section 1.00 (Tr. 272).

The ALJ further found that Plaintiff could not return to his past relevant work as a pipe fitter and welder (Tr. 273) but determined that he has the residual functional capacity ("RFC") to perform a limited range of sedentary work (Tr. 277).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 278). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 16 and 17] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

On appeal Plaintiff challenges the ALJ's consideration of the opinions of both the treating and examining physicians.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). An opinion from a non-treating source is not entitled to special deference. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Moreover, a statement as to what a claimant can or cannot do, even if made by a physician, is not dispositive. It is the responsibility of the ALJ to assess the RFC. In doing so, the ALJ is charged with the review of all credible evidence in the record. 20 C.F.R. §§ 404.1513(b), 404.1527(e), 404.1545.

Dr. George Aitken, a treating orthopedic surgeon, completed a medical Assessment Form of Ability To Do Work Related Activities (Physical) on November 22, 1999. Although the ALJ's RFC is in part more restrictive that the limitations suggested by Dr. Aitken, the ALJ did not defer to his opinion regarding Plaintiff's severe limitations in his ability to sit. However, Dr. Aitken's opinion in this regard is at odds with his own treatments records which are devoid of objective findings in this regard.

With regard to the consultative examinations performed by Dr. Richard Sheridan (Tr. 179-186) and Dr. James Templin (Tr. 187-194), the ALJ discounted them. Both physicians stated that Plaintiff was totally disabled. The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Further, these opinions were not tied to objective findings.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 27 day of November, 2010.

                                          Henry R. Wilhoit, Jr., Senior Judge